UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| PETER ERIKSEN, Plaintiff, v. E3 LAND, LLC, and AGENTS 1-6, Defendants. | NO: 2:17-CV-252-RMP<br><br>ORDER DISMISSING COMPLAINT |
|---|---|

BEFORE THE COURT is Plaintiff's Request for Expedited Consideration of Complaint Sufficiency, ECF No. 5, and Plaintiff's Complaint, ECF No. 6. The Court has reviewed both the Complaint and the Request and is fully informed. Plaintiff is proceeding *pro se* and *in forma pauperis*; Defendants have not been served. Plaintiff filed an application to proceed *in forma pauperis*, under 28 U.S.C. § 1915, which was reviewed for financial purposes by Magistrate Judge John T. Rodgers. ECF No. 4. This Court is performing the second part of the review process under 28 U.S.C. § 1915.

/ / /

/ / /

ORDER DISMISSING COMPLAINT ~ 1

## PLAINTIFF'S ALLEGATIONS

Plaintiff recorded with the Grant County Auditor a Certificate of Acceptance and Declaration of Land Patent for a tract of land that was assigned to him by quit claim deed on November 17, 2016. ECF No. 6 at 4. Plaintiff alleges that Defendants purchased the property at a tax sale without warranty of the condition of the title. *Id.* at 5. Following purchase, Plaintiff asserts Defendants repeatedly entered his property without permission, damaged his property, placed chemicals near his home, killed his dog, and generally disturbed his life. *Id.*

Plaintiff brings this Complaint, which he claims arises under federal question jurisdiction. ECF No. 6 at 3. Specifically, Plaintiff alleges a right to the land through the United States Constitution, Presidential Land Grant Number 235, and the Railroad Act of 1864. *Id.* He claims that he has been injured by chemicals placed near his property by Defendants. *Id.* at 7. Plaintiff seeks to quiet title, an issue that already has been remanded to state court,[1] as well as an injunction

---

[1] On November 18, 2017, Defendants purchased the land in question at a public tax sale. Case No. 2:17-CV-0132-RMP, ECF No. 18 at 1-2. Plaintiff did not vacate the property, and in response Defendants filed suit in Grant County, Washington. *Id.* at ECF Nos. 6-1; 9 at 3. Plaintiff removed the case to federal court, citing diversity. *Id.* at ECF Nos. 6 and 2. That case was remanded to state court on June

ORDER DISMISSING COMPLAINT ~ 2

preventing Defendants from entering the property and money damages for injuries sustained. *Id.*

## ANALYSIS

A court must dismiss a complaint filed *in forma pauperis* before it is served on a defendant if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Plaintiffs are required to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint need not contain detailed factual allegations, but must allege facts sufficient to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

Federal jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392-93 (1987). Plaintiff alleges as bases for federal question jurisdiction an unspecified right to property under the United States Constitution and a statutory right to hold granted land tracts "specified by presidential land patent #235 & Railroad Act of 1864." ECF No. 6 at 3.

---

7, 2017. *Id*. at ECF No. 18. A motion for partial summary judgment and eviction of Plaintiff is pending in state court. ECF No. 5 at 1.

ORDER DISMISSING COMPLAINT ~ 3

However, federal land patents and acts of Congress do not provide bases for federal question jurisdiction. *Shulthus v. McDougal*, 225 U.S. 561, 570 (1912) ("A controversy in respect of lands has never been regarded as presenting a federal question merely because one of the parties to it has derived his title under an act of Congress."); *Virgin v. Cty. Of San Luis Obispo*, 201 F.3d 1141, 1143 (9th Cir. 2000); *Barnett v. Kunkel*, 264 U.S. 16, 20 (1924); *Landi v. Phelps*, 740 F.2d 710, 713-14 (9th Cir. 1984). After a patent is issued, ownership disputes are "matters of local property law to be vindicated in local courts." *Oneida Indian Nation v. Cty. Of Oneida*, 414 U.S. 661, 676-77 (1974). Thus, Plaintiff's assertion of a federal question is without merit.

Generally a *pro se* litigant must be given the opportunity to amend his complaint to correct any deficiencies, unless it is absolutely clear that amendment would be futile. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded by statute on other grounds*, 28 U.S.C. § 1915(e)(2), *as stated in Aktar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). Leave should not be granted if the court "determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F. 3d 494, 497 (9th Cir. 1995).

In this case, amendment would be futile because no facts can change an untenable legal argument. Both United States Supreme Court and Ninth Circuit law state that Plaintiff's issues do not give rise to federal question jurisdiction.

Therefore, there is no basis for this Court to have subject matter jurisdiction in this matter. Dismissal with prejudice is appropriate.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Complaint, **ECF No. 6**, is **DIMISSED WITH PREJUDICE**; and

2. Plaintiff's Request for Expedited Consideration of Complaint Sufficiency, **ECF No. 5**, is **DENIED AS MOOT**.

The District Court Clerk is directed to enter this Order, enter judgment without costs for Defendant, provide copies to the parties, and close this case.

**DATED** August 30, 2017.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge
